IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE JULIAN CRUZ-BERRIOS

Petitioner

vs                                                                CIVIL 08-1693CCC

JUDITH M. MATIAS-LEON, Warden
ANTONIO M. SAGARDIA-DE-JESUS

Respondents

# **O R D E R**

Petitioner Jose Julián Cruz-Berríos filed this Petition for habeas relief under 28 U.S.C. §2254 on June 30, 2008 (docket entry 2) claiming that his due process rights were violated by the Assistant District Attorney that prosecuted his criminal case in the Commonwealth courts, with the knowledge and consent of his defense counsel, when the former altered and hid official documents, fabricated evidence and witnesses that were later used at trial, fraudulently substituted the sworn statements of two witnesses which where then submitted during the trial, and suborned perjury from three trial witnesses.  Respondents Judith M. Matías-León and Roberto J. Sánchez-Ramos[1] moved for dismissal of the Petition on April 2, 2009 (docket entry 18) invoking the doctrines of res judicata, statute of limitations and failure to exhaust available state remedies, which plaintiff opposed on August 30, 2009 (docket entry 29) contending that  none of those doctrines applied to his case.  The action, which since its inception had been assigned to the docket of Senior Judge Raymond L. Acosta, was transferred to the docket of the undersigned on February 8, 2010 (docket entry 40) following Judge Acosta's retirement from office.  We have now reviewed the pending dismissal motion, and address the three grounds on which it is based seriatim.

---

[1]  Sánchez-Ramos, who had been sued as the then Secretary of Justice of the Commonwealth, was substituted as a respondent on May 28, 2009 by his successor in that office, Antonio M. Sagardía-De-Jesús.  See docket entry 23.

CIVIL 08-1693CCC                                    2

Respondents first contend that Petitioner is barred from filing the present Petition on res-judicata principles since he had filed a prior petition on September 12, 2003 that was dismissed with prejudice. "While res judicata has no place in habeas proceedings, a similar role is played by 28 U.S.C. §2244, which restricts repetitive applications for habeas corpus." St. Pierre v. Helgemoe, 545 F.2d 1306, 1307 (1st Cir. 1976). But, although it is true that §2244 establishes strong restrictions to the filing of "second or successive" habeas corpus applications under §2254, the Supreme Court has expressly proscribed the dismissal, as a second or successive petition under §2244(b), of a habeas petition filed after a previous petition has been dismissed on exhaustion grounds. See Slack v. McDaniel, 529 U.S. 473, 487-88, 120 S.Ct. 1595 (2000). We have reviewed the docket of the prior application filed by Petitioner, Cruz-Berríos v. Commonwealth of Puerto Rico, Civil No. 03-1995(PG), and note that the Court dismissed it on June 8, 2004 precisely due to Petitioner's failure to exhaust all remedies available to him in the courts of Puerto Rico. See docket entries 13 and 17 in Civil No. 03-1995(PG). Thus, the present Petition may not be dismissed on res-judicata grounds, as averred by Respondents, or under its equivalent for habeas proceedings, §2244(b). Accordingly, Respondents' first argument in support of dismissal is unavailing.

Respondents then claim that as Petitioner failed to apply for habeas relief within the term established in §2244(d)(1)(A), which provides a one-year period of limitation that runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," the same is time-barred. Respondents aver that Petitioner's last motion under Puerto Rico Rule of Criminal Procedure 192.1 was denied by the Court of Appeals of the Commonwealth on May 15, 2007, and since there is no indication that he appealed that decision to the Supreme Court, said judgment then became final on June 15, 2007. Given that this action was filed on June 30, 2008, it would have been filed after the one-year statutory period and, therefore, be barred. Petitioner contends,

CIVIL 08-1693CCC                              3

however, that after the Court of Appeals denied his appeal on the Rule 192.1 motion, the Supreme Court of Puerto Rico denied a pro se motion on September 21, 2007, based on lack of jurisdiction, and also entered a resolution on March 14, 2008 denying a motion for reconsideration to grant certiorari.  Curiously, no date is given of when Petitioner filed the motions that prompted said Orders, nor were copies of said Orders provided so that the Court could review them.  The Court, however, through the Satellite Librarian made a direct inquiry to the Clerk of the Supreme Court on whether a writ of certiorari was ever filed from the Court of Appeals decision denying Petitioner's Rule 192.1 motion, and said Clerk informed that a writ of certiorari was indeed filed by Petitioner on June 18, 2007, which the Supreme Court denied on January 25, 2008.[2]  Given that this Petition was filed on June 30, 2008, pursuant to §2244(d)(1)(A) it is timely.  Respondents' claim to the contrary is, therefore, rejected.

Finally, Respondents contend that Petitioner has failed to exhaust all available state remedies.  It is settled law that a state prisoner must exhaust available state remedies before seeking federal habeas relief.  28 U.S.C. §2254(b)(1)(A); Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509 (1971).  In this action, Petitioner has specifically raised the following grounds in support of his request for habeas relief:  (1) that his due process rights were violated by the improper and criminal conduct of the prosecutor, who acted in concert with his legal representative, when he disappeared, hid, fabricated and altered official documents that were later presented as evidence against him; (2) that his due process rights were violated when the prosecutor fabricated evidence and witnesses that he later used at trial, with the knowledge of his attorney, when he took sworn statements from two witnesses that he later substituted for others committing fraud on the court, (3) that his due process rights

---

[2]  The Court was provided with a copy of said filings, which are being filed as an attachment to this Order.  As they are in the Spanish language, the Clerk of Court shall arrange for their prompt translation into English.

CIVIL 08-1693CCC                              4

were violated when the prosecutor during trial deliberately used false testimonies of three witnesses with his attorney's consent, and (4) that his due process rights were violated by the improper, unethical and criminal conduct of his legal representative, attorney Antonio Ortíz-Rodríguez.  Although Petitioner failed to submit a copy of the most recent motion he submitted in the Puerto Rico courts under their Rule of Criminal Procedure 192.1, in the application for habeas relief filed in this case he indicates that said Rule 192.1 motion raised as grounds ineffective assistance of counsel based on his counsel having engaged in unethical and criminal conduct.  See Application (docket entry 2), page 7.  A review of the Resolution issued by the Court of Appeals on May 15, 2007 denying petitioner's writ of certiorari on the lower court's denial of the Rule 192.1 motion confirms Petitioner's representations, as there the appellate court indicated that the motion was based on his defense counsel having engaged in unethical conduct which violated his constitutional rights.

        Thus, of the four grounds raised by Petitioner in his current habeas application, only one appears to have been properly exhausted through his recourse to the available state remedies:  that of the alleged ineffective assistance of counsel provided by his trial attorney. The other three, all imputing illegal, unethical and/or improper conduct to the prosecutor which violated his due process rights, were not raised in Petitioner's latest Rule 192.1 motion filed in the Commonwealth courts.  Nor has Petitioner presented any evidence showing that as to those three grounds he had otherwise exhausted all remedies available to him in the courts of Puerto Rico.

        We have before us, then, a mixed petition, containing both exhausted and unexhausted claims.  Petitioner, however, cannot proceed on a mixed petition.  See Rose v. Lundy, 455 U.S. 509, 520-22, 102 S.Ct. 1198 (1982).  "Where a petition is deemed mixed, district courts must either dismiss the petition (in compliance with the "total exhaustion rule" announced in Rose, id. at 522, 102 S.Ct. 1198) or permit the petitioner to dismiss his

CIVIL 08-1693CCC                              5

unexhausted claims, id. at 520, 102 S.Ct. 1198." Clements v. Maloney, 485 F.3d 158, 168-69 (1st Cir. 2007).  See also Rhines v. Weber, 544 U.S. 269, 278, 125 S.Ct. 1528 (2005).

Accordingly, and in view of the above, Respondents' Motion to Dismiss (**docket entry 18**) is GRANTED.  Petitioner is allowed until APRIL 28, 2010 to inform the Court whether he will dismiss the unexhausted claims and proceed only on the sole exhausted claim, or whether he instead decides to withdraw his mixed petition altogether and return to state court to exhaust the unripe claims.  If he chooses the first option--proceed with only the exhausted claim--he risks that subsequent petitions later raising the now unexhausted claims be subjected to rigorous procedural obstacles.  Rose, supra, at 520-521.  If he opts for the second option--withdrawing the entire Petition--Petitioner's entire habeas application will be dismissed, without prejudice, and he may return to this Court with a fully exhausted petition after exhausting the remaining claims which will not be considered to be "second or successive" under the statute.  See Slack v. McDaniel, 529 U.S. 473, 485-486, 120 S.Ct. 1595 (2000).

SO ORDERED.

At San Juan, Puerto Rico, on March 31, 2010.


S/CARMEN CONSUELO CEREZO
United States District Judge